UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:18CV-00038-JHM

WESTERN LEASING, INC. and
SAMUEL S. FRANCIS, as trustee of the
WESTERN KENTUCKY ROYALTY TRUST                                    PLAINTIFFS

V.

WESTERN MINERAL DEVELOPMENT, LLC,
CERALVO HOLDINGS, LLC, and
THOROUGHBRED RESOURCES L.P.                                        DEFENDANTS

## Memorandum Opinion and Order

This matter is before the Court on a motion by Defendants, Western Mineral Development, LLC, Ceralvo Holdings, LLC, and Thoroughbred Resources L.P., to dismiss Plaintiffs' complaint [DN 13]; on a motion by Plaintiffs, Western Leasing, Inc. and Samuel S. Francis, as Trustee of Western Kentucky Royalty Trust, for partial summary judgment [DN 15]; on a motion by Plaintiffs to take judicial notice [DN 16]; on a motion by Defendant, Ceralvo Holdings, LLC, for leave to file under seal a settlement agreement [DN 33]; and on a motion by Defendant, Ceralvo Holdings, LLC, to allow time for discovery pursuant to Fed. R. Civ. P. 56(d) [DN 35]. Fully briefed, these matters are ripe for decision.

### I. Background

Plaintiff, Western Kentucky Royalty Trust ("WKRT"), is a trust for which Samuel S. Francis is the trustee. Francis is also the President and owner of Plaintiff, Western Leasing, Inc. ("Western Leasing"). Francis has been in the business of acquiring and selling coal properties for over thirty years. In the fall of 2006, Francis began acquiring various mining properties located in Muhlenberg and Ohio Counties for what became known as the Armstrong Project. In

1

consideration of Francis's role in the acquisition of these properties, various companies affiliated with the Armstrong Project granted him an overriding royalty on certain coal that was mined and sold from the properties. A dispute arose, and Francis sued Armstrong Coal Company, Western Land Company, and other Armstrong Parties, including Ceralvo Holding, LLC. In order to settle their dispute, the parties entered into a Settlement Agreement on July 25, 2008. The parties also entered into additional Royalty Agreements on that same date.

In 2011, a dispute again arose between these parties regarding the payment of royalties. The dispute occurred due to the parties' differing interpretations of the 2008 Settlement Agreement and the 2008 Royalty Agreements. See <u>Western Kentucky Royalty Trust v. Armstrong Coal Reserves, Inc., et al</u>, Case No. 4:11-CV-00114 (W.D. Ky. filed Sept. 20, 2011). The Court in its summary judgment orders and final judgment in that action resolved issues related to when and under what circumstances a royalty would be due from the defendants in that case for the mining of certain coal reserves and the use of the certain identified surface properties. <u>Id</u>. at DN 82, DN 103, DN 134.

Other disputes have arisen over the last five years and have been resolved by the parties without intervention of this Court. However, on April 12, 2018, Plaintiffs filed this suit against Defendants, Western Mineral Development, LLC ("Western Mineral"), Ceralvo Holdings, LLC ("Ceralvo"), and Thoroughbred Resources L.P. ("Thoroughbred"), asserting claims of breach of the 2008 Settlement Agreement and the 2008 Royalty Agreements, trespass, unjust enrichment, tortious interference with contracts, and declaratory relief against Western Mineral. Specifically, Plaintiffs allege Defendants have breached § 4 of the 2008 Settlement Agreement[1] which restricts

---

[1] Section 4 provides in relevant part: **Transfer of Surface Property:** The Armstrong Parties shall partition and transfer by corporation special warranty deed . . . 1840 acres of surface property only, but including any oil and gas rights that the Armstrong Parties may own, located in Muhlenberg County, Kentucky, . . . to Western Leasing and/or its designee(s), contingent upon the completion of a field survey, subject to the following terms and conditions: . . .

2

the Armstrong Parties (Ceralvo), their successors and assigns (Western Mineral and Thoroughbred), from mining coal which they did not own (but merely leased) from beneath 1,840 acres of surface property owned by Francis ("Restricted Property") and from consenting to the mining of any coal beneath the Restricted Property by any third party until 2025. Additionally, Plaintiffs contend that the Defendants are contractually obligated to pay certain specified royalty payments under the 2008 Royalty Agreements which they are not currently paying. Plaintiffs also allege various tort claims relating to Defendants' actions on the property.

Defendants now move to dismiss Plaintiffs' complaint for failure to state a claim. Plaintiffs filed a cross-motion for partial summary judgment against Ceralvo on the breach of the 2008 Settlement Agreement claim alleged in Count I of the complaint. In addition to the response to the motion for partial summary judgment, Ceralvo filed a motion to allow time for discovery pursuant to Fed. R. Civ. P. 56(d). The Court will address these motions in turn.

## II. STANDARD OF REVIEW

### A. MOTION TO DISMISS

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff

---

(b) The Armstrong Parties shall retain the mining rights necessary and convenient to extract and sell any coal that they now or in the future may own underneath the Property, by the underground mining method only. . . .
. . .
(f) The Armstrong Parties shall not provide consent to Patriot Coal Company or any other parties to mine any coal underneath the Property or develop any oil and gas until March 30, 2025.
(2008 Settlement Agreement § 4, DN 13-5.)

3

must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678, 679. Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### B. MOTION FOR SUMMARY JUDGMENT

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in

support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

### III. DISCUSSION

#### A. DEFENDANTS' MOTION TO DISMISS [DN 13]

Defendants, Western Mineral, Ceralvo, and Thoroughbred, move the court to dismiss the complaint in its entirety for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Defendants argue that dismissal is warranted because (1) Plaintiffs' breach of contract claims attempt to circumvent Kentucky property law to unlawfully encumber mineral rights; (2) Plaintiffs' claims for royalties are barred by the doctrine of issue preclusion; (3) Plaintiffs cannot bind Defendants indefinitely as guarantors and transferees of property rights to transactions to which they were not a party; (4) Plaintiffs cannot reallege their contract claims under the tort of trespass; and (5) Plaintiffs fail to allege sufficient factual allegations to maintain any of their claims under the notice pleading standards of Fed. R. Civ. P. 8.

Construing the complaint in the light most favorable to Plaintiffs, the Court finds the complaint sufficiently pleads "'factual content that allows the Court to draw a reasonable inference that the Defendant is liable for the misconduct alleged.'" Hall v. Evangelical Lutheran Good Samaritan Society, Inc., 2017 WL 3710804, at *2 (W.D. Ky. Aug. 28, 2017) (quoting Frierson v. Evangelical Lutheran Good Samaritan Society, Inc., 2013 U.S. Dist. LEXIS 161412. *2 (W.D. Ky. Nov. 13, 2013) (citation omitted)). "[T]he issue is not whether a plaintiff will ultimately prevail on a claim, but whether his complaint is sufficient to cross the federal court's threshold to allege a claim." Sildack v. Corizon Health, Inc., 2012 WL 4442741, at *1 (E.D. Mich. Sept. 25, 2012) (citing Skinner v. Switzer, 562 U.S. 521 (2011)). In short, the Court finds that the allegations contained in Plaintiffs' complaint are sufficient to meet the standard set forth in Iqbal and

Twombly.

Furthermore, contrary to Defendants' argument, the tort claims asserted by Plaintiffs are not precluded by the breach of contract claims, at least at this stage of the litigation. Fed. R. Civ. P. 8(a)(3) specifically allows a party to plead in the alternative. Here, it is clear from a review of the Defendants' briefs that the Defendants either contest that they are party to the 2008 Settlement Agreement or that they are obligated under the 2008 Royalty Agreements, or both. In the absence of an admission by the Defendants that the contracts in question are valid and enforceable against them, the contract claims and the tort claims may proceed to discovery. Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency"); Lewis v. Ceralvo Holdings, LLC, 2012 WL 32607, *6 (W.D. Ky. Jan. 6, 2012)(unjust enrichment); Francis v. Armstrong Coal Reserves, Inc., 2012 WL 777271, *5 (W.D. Ky. March 7, 2012) (tortious interference claim). The Court will revisit the Defendants' arguments with respect to issue preclusion related to the royalty claims and to the existence of an independent legal duty related to the tort claims after discovery is complete.

For these reasons, the motion to dismiss is denied.

### B. Plaintiffs' Motion for Partial Summary Judgment [DN 15]

Plaintiffs, Western Leasing and Samuel S. Francis, as Trustee of WKRT, move for partial summary judgment against Ceralvo on Count I of the complaint. Plaintiffs contend that under the terms of the 2008 Settlement Agreement, Ceralvo is prohibited from mining under the Restricted Property, except for coal "that they now or in the future may own" and from permitting any third party from mining any coal underneath the Restricted Property until March 30, 2025. (2008 Settlement Agreement at Section 4(b)). Plaintiffs assert that Ceralvo is currently mining coal beneath the Restricted Property that has been leased or purchased from parties foreign to the

Agreement, which is coal not owned by parties to the 2008 Settlement Agreement but is rather coal leased from a third party. And, Plaintiffs maintain that Ceralvo has also entered into separate agreements with third parties permitting their mining of coal beneath the Restricted Property.

In response to the motion for partial summary judgment, Ceralvo argues that the motion should be denied because (1) Plaintiffs cannot prove that Ceralvo even owned, leased, or subleased the third party coal, let alone mined it or consented for the third party coal to be mined; (2) the 2008 Settlement Agreement did not prohibit the leasing or mining of a third party's coal under the Restricted Property, which is surface property only; and (3) Plaintiffs' claim is foreclosed by a comprehensive settlement agreement that they failed to disclose to the Court that was executed by Plaintiffs, Ceralvo, Armstrong Coal Company, and others on September 19, 2013. Simultaneous with its response, Ceralvo filed a motion to allow time for discovery under Fed. R. Civ. P. 56(d). The Court will first address this motion.

Federal Rule of Civil Procedure 56(d) permits a court to allow discovery prior to ruling on a motion for summary judgment "if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to the motion. See Summers v. Leis, 368 F.3d 881, 887 (6th Cir. 2004). The Sixth Circuit has "'interpreted Rule 56[d] as requiring a party opposing a summary judgment motion to file an affidavit that 'indicate[s] to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information.'" Back v. Hall, 2012 WL 369425, at *5 (E.D. Ky. Feb. 3, 2012) (quoting Gettings v. Bldg. Laborers Local 310, 349 F.3d 300, 305 (6th Cir. 2003)). "Where the nonmovant makes this showing, a court may: '(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.'" Back, 2012 WL 369425, at *5 (quoting Fed. R. Civ. P. 56(d)).

The Sixth Circuit has identified five factors that are relevant to a party's request for additional discovery under Rule 56(d): "(1) when the party seeking discovery learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would change the ruling; (3) how long the discovery period lasted; (4) whether the party seeking discovery was dilatory in its discovery efforts; and (5) whether the non-moving party was responsive to discovery requests." Naylor Medical Sales & Rentals, Inc. v. Invacare Continuing Care, Inc., 2010 WL 2465477, *3 (W.D. Tenn. June 14, 2010)(citing Plott v. General Motors Corp., 71 F.3d 1190, 1196–97 (6th Cir. 1995)). It is well-settled in the Sixth Circuit that "when the parties have no opportunity for discovery . . . ruling on a summary judgment motion is likely to be an abuse of discretion." CenTra, Inc. v. Estrin, 538 F.3d 402, 420 (6th Cir. 2008) (citing Ball v. Union Carbide Corp., 385 F.3d 713, 719 (6th Cir. 2004)).

The Court agrees with Ceralvo that the Court cannot fully and completely determine whether Ceralvo breached the 2008 Settlement Agreement without additional discovery. While Plaintiffs are correct that there is no dispute as to the existence and authenticity of the 2008 Settlement Agreement, the 2008 Settlement Agreement's application to the current mining dispute requires discovery. Ceralvo needs time to conduct discovery to investigate the existence of any other evidence that may impact the construction, meaning, and terms of the 2008 Settlement Agreement, such as the 2011 Letter and the 2013 Settlement Agreement, which were not revealed by the Plaintiffs. Discovery related to these Agreements, as well as other potential agreements, may clarify the various interests and rights of the parties in this matter and clarify whether § 4 of the 2008 Settlement Agreement is still binding on the parties.

Further, Ceralvo represents that it has not been affiliated with the other signatories to the 2008 Settlement Agreement since September 1, 2016. As a result, Ceralvo maintains that it does

not have access to the internal documents and communications of the other signatories to the 2008 Settlement Agreements; and without an opportunity for discovery, Ceralvo is unable to investigate the existence of other facts and documents that may impact the 2008 Settlement Agreement or the rights and interests of the parties. Ceralvo also seeks to conduct discovery on several factual assertions of Samuel Francis in his declaration attached to the motion for partial summary judgment.

As demonstrated above, Ceralvo's Rule 56(d) motion is timely and supported by a declaration. This is not a situation where Ceralvo wants *more* discovery. Ceralvo has not been dilatory in its discovery efforts. Here, the parties have not had the opportunity to take *any* discovery, and such discovery may change the ruling of the Court on the motion for partial summary judgment. Failure to permit such discovery in this case would likely be an abuse of discretion. See Plott, 7 F.3d at 1196–97 (6th Cir. 1995); CenTra, 538 F.3d at 420. For these reason, the Court finds summary judgment premature and denies Plaintiffs' Rule 56 motion.

### IV. Conclusion

**IT IS HEREBY ORDERED** as follows:

1. The motion by Defendants, Western Mineral Development, LLC, Ceralvo Holdings, LLC, and Thoroughbred Resources L.P., to dismiss Plaintiffs' complaint [DN 13] is **DENIED**.

2. The motion by Defendant Ceralvo Holdings, LLC, to allow time for discovery pursuant to Fed. R. Civ. P. 56(d) [DN 35] is **GRANTED**.

3. The motion by Plaintiffs, Western Leasing, Inc. and Samuel S. Francis, as Trustee of Western Kentucky Royalty Trust, for partial summary judgment [DN 15] is **DENIED** with leave to refile after discovery is complete.

4. The motion by Plaintiffs to take judicial notice of certain exhibits [DN 16] is **MOOT**.

9

5. The motion by Defendant, Ceralvo Holdings, LLC, for leave to file under seal the 2013 settlement agreement and references thereto in the pleadings [DN 33] is **GRANTED**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: counsel of record

October 24, 2018