UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:18-CV-00038-BJB-HBB


WESTERN LEASING, INC., *et al.*                                    PLAINTIFFS

VS.

WESTERN MINERAL DEVELOPMENT, LLC, *et al.*              DEFENDANTS


MEMORANDUM OPINION
AND ORDER

Before the Court is the motion of Plaintiffs Western Leasing Inc. and Debra Francis, as Trustee of the Western Kentucky Royalty Trust, DN 93, to quash subpoenas issued to non-party witnesses by Defendants Western Mineral Development, LLC, Ceralvo Holdings, LLC and Thoroughbred Resources, L.P.  Defendants have filed a Response at DN 95 and Plaintiffs have filed a Reply at DN 96.

Background

On July 13, 2022, Defendants served Plaintiffs with a notice of service of subpoenas for production of documents on five non-party witnesses (DN 93-3).  Plaintiffs move to quash the subpoenas on two grounds.  First, Plaintiffs contend that the subpoenas were issued beyond the deadline for discovery.  Second, Plaintiff's argue that the subpoenas are overbroad, unduly burdensome and not proportional to the needs of the case.  The Defendants retort that the subpoenas were not late issued by virtue of orders in the case holding certain deadlines in abeyance.  They also dispute that the subpoenas are excessive in scope.  Additionally, they assert that Plaintiffs lack standing to object to the subpoenas and failed to engage in a "meet and confer" conference as required by the local rules.

<u>Plaintiffs' Standing to Move to Quash the Subpoenas to Non-parties</u>

Plaintiffs lack standing to assert a substantive objection to the scope of the subpoenas issued to non-parties.  Motions to quash subpoenas are governed by Rule 45(d)(3).  While Rule 45 of the Federal Rules of Civil Procedure offers no direct guidance on the issue of standing, district courts in the Sixth Circuit have consistently held that a party ordinarily has no standing to challenge a subpoena to a non-party without first showing a claim of privilege or personal right exists in the information sought.  *See* <u>Polylok Inc. v. Bear Onsite, LLC</u>, No. 3:12-CV-535-DJH-CHL, 2016 U.S. Dist. LEXIS 173289, *3-4 (W.D. Ky. Dec. 15, 2016); <u>Donahoo v. Ohio Department of Youth Services</u>, 211 F.R.D. 303, 306 (N.D. Ohio, 2002); <u>Pogue v. Northwestern Mut. Life Ins. Co.</u>, No. 3:14-CV-5598-CRS-CHL; 2016 U.S. Dist. LEXIS 71163, *17-18 (W.D. Ky. June 1, 2016); <u>United States v. Cordes</u>, No. 15-CV-10040; 2016 U.S. Dist. LEXIS 37528, *10 (E.D. Mich., Mar 23, 2016).  Plaintiffs have not demonstrated that they have any personal right or privilege associated with the documentation requested in the subpoenas.  For this reason, the Court will not undertake a substantive evaluation of the subpoenas to determine if they are overbroad, unduly burdensome or not proportional to the needs of the case.

However, Plaintiffs do not only challenge the subpoenas on a substantive basis.  They also challenge them procedurally as violating the scheduling order.  As such, they have standing under Fed. R. Civ. P. 26 to object to the timing of the subpoenas.  *See* <u>Pogue v. Northwestern Mut. Life Ins. Co.</u>, 3:14-CV-5598-CRS-CHL; 2016 U.S. Dist. LEXIS 70987, at *11-12 (W.D. Ky. June 1, 2016) (recognizing that some courts have found parties have standing to challenge nonparty subpoenas under Rule 26, as opposed to Rule 45) (citing <u>Schweinfurth v. Motorola, Inc.</u>, No. 1:05-CV-024; 2008 U.S. Dist. LEXIS 97069, *4-6 (N.D. Ohio Nov. 19, 2008)).

2

<u>Whether the Subpoenas Were Issued After the Discovery Deadline</u>

The Seventh-Amended Scheduling Order, DN 90, established a discovery cutoff of May 9, 2022. Deadlines for identification of expert witnesses, discovery depositions of the experts and dispositive or expert-related motions were established for subsequent dates. Defendants scheduled the deposition of Mason Miller for May 9, 2022, the final day of discovery. However, the deposition was cancelled that morning due to Defendants' counsel's illness. At the request of counsel, the parties engaged in a telephonic status conference with the undersigned on that date, during which Defendants advised that they required additional time to complete the one outstanding deposition and also to review recently received discovery responses from the Plaintiffs. The undersigned ordered that the current deadlines would be held in abeyance pending a follow-up status conference on July 14, 2022 (DN 91). The Order states:

> A telephonic status conference was conducted in this action on May 9, 2022, with the undersigned presiding. Participating in the conference were Andrew D. Pellino for the Plaintiffs and Christine M. Haaker, Jamar T. King and E. Kenly Ames for the Defendants. Counsel for the parties advised they have one outstanding deposition remaining to be taken. Defendants have recently received responses to requests for production of documents from Plaintiffs which they are continuing to review. Counsel requested additional time to complete discovery.
>
> **IT IS ORDERED** the current deadlines are held in abeyance pending a telephonic status conference before Magistrate Judge Brennenstuhl on **July 14, 2022, at 10:00 am, CDT**. The Court will initiate the call.

(DN 91) (emphasis in original).

During the follow-up conference, Plaintiffs complained that the Defendants had served supplemental discovery requests on them on July 13, 2022. The parties agreed that the dispositive and witness-related motion deadlines should be extended in light of the discovery issues, and those

3

deadlines were extended to October 14, 2022.  The undesigned also granted the parties leave to

file any discovery-related motions they wished (DN 92).  That Order stated:

> A telephonic status conference was conducted in this action on July
> 14, 2022, with the undersigned presiding.  Participating in the
> conference were Andrew D. Pellino for the Plaintiffs and Christine
> M. Haaker, Sean P. McCormick and E. Kenly Ames for the
> Defendants.  Counsel for the Plaintiffs advised the Defendants
> served supplemental discovery to Plaintiffs on July 13, 2022.
> Counsel for both parties agreed the dispositive motion and <u>Daubert</u>
> motion deadlines need to be extended.  Following discussions
> between counsel and the Court,
>
> **IT IS ORDERED** as follows:
> 1. Plaintiff shall file any objections to written discovery they deem
> appropriate.
> 2. Counsel for the parties shall file appropriate motions regarding
> discovery issues and the filing of a counterclaim by Defendants.
> 3. **No later than October 14, 2022**, counsel for the parties shall file
> all dispositive motions.  This same date is the filing deadline for
> motions related to the admissibility of expert testimony pursuant to
> Federal Rule of Evidence 702 (<u>Daubert</u> motions).

(DN 92) (emphasis in original).

Defendants assert that the subpoenas were issued two months after the discovery deadline.

They argue that, while the Order at DN 91 held all deadlines in abeyance, it did not operate to

extend the discovery deadline, rather it only accommodated the completion of the one-remaining

discovery deposition which had been postponed due to illness and the necessity of re-setting the

subsequent deadlines in light of this delay (DN 93-1).

The Defendants contend that the initial order did operate as a general extension of all

pending deadlines as it did not differentiate between any of the "current deadlines."  To the extent

that there may have been any discussion suggesting otherwise during the telephonic conference,

they contend that a written order supersedes any such discussion (DN 95).

The Plaintiffs' summary of the discussion during the May 9 conference is accurate:

> The parties were then before the Court for a telephonic status conference on the afternoon of May 9, 2022.  During the status conference the parties discussed with the Court the issue of Defendants' counsel being unable to complete Mr. Miller's deposition that morning, and the impact that issue would have on the parties' ability to meet the deadlines that remained under the Seventh Agreed Amended Scheduling Order relevant to the filing of dispositive and Daubert motions.  Pursuant to the Seventh Agreed Amended Scheduling Order, dispositive and Daubert motions were to be filed no later than June 6, 2022, with responses due no later than July 5, 2022 and replies due by July 26, 2022.  The parties agreed that it was not practical to reset those deadlines without a firm date for the rescheduled deposition of Mr. Miller and agreed that it made sense to hold those remaining current deadlines in abeyance, pending the completion of Mr. Miller's deposition and the parties' next status conference on July 14, 2022.  Defendants did assert that they were still in the process of reviewing Plaintiffs' discovery production and requested additional time to continue their review of the discovery that had already been exchanged prior to the May 9, 2022 deadline to complete discovery, and to potentially follow-up with Plaintiffs in that regard.

(DN 96, p. 3).

In this regard, the undersigned notes that there was only one outstanding discovery matter at the time of the May 9 conference - the deposition of Mason Miller, which had been scheduled for the *last day* upon which discovery was permitted.  Beyond that, Defendants only requested time to review written discovery which had been produced to determine if they wished to seek additional discovery.  Consequently, the abeyance of the discovery deadline was only applicable to the one remaining deposition.  It did not operate as a wholesale re-opening of discovery for which the deadline had otherwise expired.  If Defendants wished to take further discovery, they would have to move for further extension.  This is consistent with the order entered following the second status conference, at which the undersigned re-set non-discovery deadlines and directed the parties to file any motions they desired related to discovery - either in opposition or in favor

of.  For this reason, the undersigned concurs that the subpoenas were issued after the expiration of the discovery deadline.

Defendants are not foreclosed, however, from seeking an extension of the deadline under Fed. R. Civ. P. 16(b)(4), which provides that a schedule "may be modified only for good cause and with the judge's consent."  "'The primary measure of [Civil] Rule 16's "good cause" standard is the moving party's diligence in attempting to meet the case management order's requirements,' though courts may also consider prejudice to the nonmoving party."  Smith v. Holston Med. Grp., P.C., 595 F. App'x 474, 478 (6th Cir. 2014) (quoting Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002)).  The Court must first find that the moving party proceeded diligently before considering whether the nonmoving party is prejudiced, and only then to ascertain if there are any additional reasons to deny the motion.  Id. at 479.

Defendants have discussed in their Response the need for additional discovery; however, the Response is not a motion under Rule 16(b)(4).  See Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); Sullivan v. Farm Bureau Mut. Ins. Co., No. 1:10-CV-909, 2011 U.S. Dist. LEXIS 35817, at *11 n.8 (W.D. Mich. April 1, 2011) ("[A] response is not the proper place for a request to the Court."); EEOC v. Tenpro, Inc., No. 4:12-CV-75-HSM-SKL, 2014 U.S. Dist. LEXIS 190543, at *46-47 (E.D. Tenn. Aug. 29, 2014).

<u>Failure to "Meet and Confer"</u>

Turning to the last issue Defendants raise, that Plaintiffs failed to comply with the requirement that they meet and confer prior to filing a discovery related motion, this issue is resolved by the Order at DN 92 which granted the parties leave to proceed with discovery-related motions.  However, the undersigned urges the parties to discuss the scope of the proposed

subpoenas in an effort to reach an agreement and avoid the necessity of Defendants filing a motion to amend the scheduling order to permit additional discovery.

**ORDER**

WHEREFORE, Plaintiffs' motion to quash the subpoenas, DN 93, is **GRANTED**.

September 8, 2022

H. Brent Brennenstuhl
United States Magistrate Judge

Copies to:      Counsel of Record

7