UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:18-CV-00038-BJB-HBB

WESTERN LEASING, INC., *et al.*                              PLAINTIFFS

VS.

WESTERN MINERAL DEVELOPMENT, LLC, *et al.*          DEFENDANTS

## MEMORANDUM OPINION
## AND ORDER

Defendants Western Mineral Development, LLC, Ceralvo Holdings, LLC, and Thoroughbred Resources, L.P. (collectively "Defendants") have filed a Motion to Compel Production of Documents from Plaintiffs and Subpoenaed Non-Parties and to Reopen Deposition of Mason Miller (DN 102 **SEALED**).  Plaintiffs Western Leasing, Inc., and Debra Francis, as Trustee of the Western Kentucky Royalty Trust (collectively "Plaintiffs") have filed a response (DN 104 **SEALED**).  Mason Miller, a nonparty, has filed a response (DN 105 **SEALED**). Defendants have filed a Reply (DN 113 **SEALED**).  For the reasons that follow, the motion is **GRANTED in part** and **DENIED in part**.

### FINDINGS OF FACT

#### The Claims and Defenses Asserted

In a Memorandum Opinion and Order—addressing Defendants' Motion to Dismiss (DN 13), Plaintiffs' Motion for Partial Summary Judgment (DN 15), and Plaintiffs' Motion to Take Judicial Notice (DN 16)—the District Judge provided the following contextual information concerning the parties, their previous disputes, and the current lawsuit:

> Plaintiff, Western Kentucky Royalty Trust ("WKRT"), is a trust for
> which Samuel S. Francis is the trustee.  Francis is also the President

and owner of Plaintiff, Western Leasing, Inc. ("Western Leasing"). Francis has been in the business of acquiring and selling coal properties for over thirty years.  In the fall of 2006, Francis began acquiring various mining properties located in Muhlenberg and Ohio Counties for what became known as the Armstrong Project.  In consideration of Francis's role in the acquisition of these properties, various companies affiliated with the Armstrong Project granted him an overriding royalty on certain coal that was mined and sold from the properties.  A dispute arose, and Francis sued Armstrong Coal Company, Western Land Company, and other Armstrong Parties, including Ceralvo Holding, LLC.  In order to settle their dispute, the parties entered into a Settlement Agreement on July 25, 2008.  The parties also entered into additional Royalty Agreements on that same date.

In 2011, a dispute again arose between these parties regarding the payment of royalties.  The dispute occurred due to the parties' differing interpretations of the 2008 Settlement Agreement and the 2008 Royalty Agreements.  See Western Kentucky Royalty Trust v. Armstrong Coal Reserves, Inc., et al, Case No. 4:11-CV-00114 (W.D. Ky. filed Sept. 20, 2011).  The Court in its summary judgment orders and final judgment in that action resolved issues related to when and under what circumstances a royalty would be due from the defendants in that case for the mining of certain coal reserves and the use of the certain identified surface properties.  Id. at DN 82, DN 103, DN 134.

Other disputes have arisen over the last five years and have been resolved by the parties without intervention of this Court.  However, on April 12, 2018, Plaintiffs filed this suit against Defendants, Western Mineral Development, LLC ("Western Mineral"), Ceralvo Holdings, LLC ("Ceralvo"), and Thoroughbred Resources L.P. ("Thoroughbred"), asserting claims of breach of the 2008 Settlement Agreement and the 2008 Royalty Agreements, trespass, unjust enrichment, tortious interference with contracts, and declaratory relief against Western Mineral.  Specifically, Plaintiffs allege Defendants have breached § 4 of the 2008 Settlement Agreement[1] which restricts the Armstrong Parties (Ceralvo), their

[1] Section 4 provides in relevant part: Transfer of Surface Property: The Armstrong Parties shall partition and transfer by corporation special warranty deed . . . 1840 acres of surface property only, but including any oil and gas rights that the Armstrong Parties may own, located in Muhlenberg County, Kentucky, . . . to Western Leasing and/or its designee(s), contingent upon the completion of a field survey, subject to the following terms and conditions: . . .
      (b) The Armstrong Parties shall retain the mining rights necessary and convenient to extract and sell any coal that they now or in the future may own underneath the Property, by the underground mining method only. . . .
      . . .

2

successors and assigns (Western Mineral and Thoroughbred), from mining coal which they did not own (but merely leased) from beneath 1,840 acres of surface property owned by Francis ("Restricted Property") and from consenting to the mining of any coal beneath the Restricted Property by any third party until 2025. Additionally, Plaintiffs contend that the Defendants are contractually obligated to pay certain specified royalty payments under the 2008 Royalty Agreements which they are not currently paying. Plaintiffs also allege various tort claims relating to Defendants' actions on the property.

(DN 41 PageID # 1092-94). Following denial of the above-mentioned motions (Id. at PageID # 1100), Defendants filed an Answer and Amended Answer that asserted 22 defenses (DN 42; DN 44). Included within the defenses were the doctrines of waiver, estoppel, laches, unclean hands, res judicata, collateral estoppel, judicial estoppel, and accord and satisfaction (DN 44). Defendants also asserted defenses such as the parole evidence rule, lack of privity, statute of limitations, failure to mitigate damages, and superseding or intervening cause (Id.).

On July 31, 2019, Samuel S. Francis passed away (DN 56). The Court subsequently granted the motion of Debra Francis, Successor trustee of Western Kentucky Royalty Trust ("WKRT"), to substitute Ms. Francis as successor to the WKRT in this action (DN 59).

<u>Pretrial Discovery Deadlines</u>

Meanwhile, the original Scheduling Order was filed on December 28, 2018 (DN 49). It established deadlines for initial disclosures, motions for joining additional parties and amending pleadings, completing all pretrial discovery, disclosure of expert witnesses and their reports, completing expert witness depositions, and the filing of all dispositive and <u>Daubert</u> motions (Id. at PageID # 1172-76). The original deadline for completing all pretrial fact discovery was December 18, 2019 (Id. at PageID # 1173), and there have been a total of eight amendments to that deadline

---

(f) The Armstrong Parties shall not provide consent to Patriot Coal Company or any other parties to mine any coal underneath the Property or develop any oil and gas until March 30, 2025. (2008 Settlement Agreement § 4, DN 13-5.)

(*see* DN 54, 64, 70, 74, 77, 84, 86, 90).  In the Seventh Agreed Amended Scheduling Order filed on March 4, 2022, the deadline for completing all pretrial fact discovery was set for May 9, 2022 (DN 90 PageID # 1369).  The Eighth Agreed Amended Scheduling Order filed on November 1, 2022, did not extend the May 9, 2022, deadline for completing all pretrial fact discovery (DN 101).

<u>Defendants' Efforts to Conduct Mason Miller's Deposition</u>

Attorney Mason Miller assisted various entities related to this matter and drafted the 2008 settlement agreement that forms the basis for many of Plaintiffs' claims.  On August 26, 2021, defense counsel contacted attorney Mason Miller for the purpose of seeking his availability for a deposition in November 2021 (**SEALED** DN 102-2 PageID # 3359, 3499, Declaration of Sean R. McCormick & Exhibit 2A).  On November 15, 2021, Defendants issued a subpoena duces tecum to Mr. Miller (**SEALED** Id. at PageID # 3360).  Due to the holidays, scheduling conflicts, and Mr. Miller's delayed document production, the deposition of Mr. Miller could not be scheduled prior to the December 7, 2021, deadline for completing all pretrial discovery as set forth in the Fourth Agreed Amended Scheduling Order (*see* **SEALED** Id. at 3359-60,3492-98; DN 77 PageID # 1330).  As a result, the parties negotiated and submitted a proposed Fifth Agreed Amended Scheduling Order on December 6, 2021 (DN 84).

The Fifth Agreed Amended Scheduling Order, filed on December 9, 2021, extended the deadline for completing all pretrial fact discovery to February 25, 2022 (DN 84 PageID # 1350).  Scheduling conflicts continued to frustrate defense counsel's attempts to conduct Mr. Miller's deposition (**SEALED** DN 102-2 PageID # 3359-60, 3485-92, Declaration of Mr. McCormick & Exhibit 2A).  Meanwhile, on February 7, 2022, Defendants served Plaintiffs with a notice of their intent to serve document subpoenas on the following non-party witnesses: Hutchinson Brothers, LLC; John H. Stites, III; Trustee, April Francis Green Trust V; and Maryann LaFollette (DN 93-4

PageID # 1409-10, 1417-25).  As a result of the impending deadline for completing all pretrial fact discovery, the parties negotiated and submitted a proposed Sixth Agreed Amended Scheduling Order on February 9, 2022 (DN 84).

The Sixth Agreed Amended Scheduling Order filed March 4, 2022, extended the deadline for completing all pretrial fact discovery to April 29, 2022 (DN 84 PageID # 1357).  Apparently, scheduling conflicts continued to frustrate defense counsel's attempts to conduct Mr. Miller's deposition (**SEALED** DN 102-2 PageID # 3359-60, 3482-84, Declaration of Mr. McCormick & Exhibit 2A).  Additionally, on March 21, 2022, Defendants issued to Steven Hutchinson a subpoena duces tecum that set forth 28 document requests (**SEALED** DN 102-2 PageID # 3360, 3363-76).  As a result of the impending deadline for completing all pretrial fact discovery, the parties again negotiated and submitted a proposed Seventh Agreed Amended Scheduling Order on April 8, 2022 (DN 87).

In the proposed Seventh Agreed Amended Scheduling Order the parties agreed to extend the discovery cutoff deadline to May 9, 2022, "due to a scheduling conflict for a key lay witness who has yet to be deposed in this case" (DN 87 PageID # 1361).  The phrase "key lay witness" alludes to Mr. Miller, whose deposition was scheduled for May 9, 2022 (**SEALED** DN 104 PageID # 3926).  The Seventh Agreed Amended Scheduling Order was entered on May 5, 2022 (DN 90).

On the morning of May 9, 2022, defense counsel cancelled Mr. Miller's deposition due to defense counsel contracting COVID-19 (**SEALED** DN 102-2 PageID # 3359-60, 3510, Declaration of Mr. McCormick & Exhibit 2B; **SEALED** DN 104 PageID # 3926).  Also on May 9, 2022, the undersigned conducted a telephonic status conference with counsel for the parties (DN 91).  During the status conference, counsel advised the undersigned that they had one outstanding deposition remaining to be taken (Id.).  Plaintiffs did not object to the rescheduling of Mr. Miller's

deposition for a date outside of the fact discovery deadline (Id.; **SEALED** DN 104 PageID # 3926). As a result, the undersigned ordered that "the current deadlines are held in abeyance pending a telephonic status conference" before the undersigned on July 14, 2022 (DN 91).

The parties and Mr. Miller worked diligently to find a new date to take the deposition of Mr. Miller (**SEALED** DN 102-2 PageID # 3359-60, 3502-10, Declaration of Mr. McCormick & Exhibit 2B). On June 8, 2022, Defendants took Mr. Miller's deposition (**SEALED** DN 104 PageID # 3925; **SEALED** DN 105-4). The deposition began at 10:01 a.m. and concluded five hours later at 3:12 p.m. (**SEALED** DN 105-4 PageID # 3999-4210).

<u>Defendants' Attempt to Conduct Fact Discovery After Mr. Miller's Deposition</u>

The May 9, 2022, deadline for completing all pretrial fact discovery had passed. Notwithstanding, on July 13, 2022, Defendants served Plaintiffs with a notice of their intent to serve subpoenas to produce documents on the following non-party witnesses: Mr. Miller; Hutchinson Brothers, LLC; John H. Stites, III; Trustee, April Francis Green Trust V; and Maryann LaFollette (DN 93-3). On July 13, 2022, Defendants also served Plaintiffs with their Fifth Set of Requests for Production of Documents (**SEALED** DN 102-2 PageID # 3360, 3515-22).

The following day, July 14, 2022, the undersigned conducted a follow-up telephonic conference with counsel for the parties (DN 92 PageID # 1374). Counsel for Plaintiffs advised that Defendants had served supplemental discovery to Plaintiffs the previous day (Id.). Following discussions with counsel, the undersigned ordered Plaintiffs to file any objections to written discovery they deem appropriate; ordered the parties to file appropriate motions regarding discovery issues and the filing of a counterclaim by Defendants; and established an October 14, 2022, deadline for the parties to file all dispositive and <u>Daubert</u> motions (Id. at PageID # 1374-75).

On July 26, 2022, Plaintiffs moved to quash Defendants' subpoenas on two grounds (DN 93). First, Plaintiffs contended that the subpoenas were issued beyond the deadline for discovery (DN 93-1 PageID # 1381-84). Second, Plaintiff's argued that the subpoenas are overbroad, unduly burdensome and not proportional to the needs of the case (Id. at PageID # 1382, 1384-88). The Defendants responded that the subpoenas were not late issued by virtue of the undersigned's comments during the telephonic conference on May 9, 2022, and the subsequently issued written order which held certain deadlines in abeyance (**SEALED** DN 95 PageID # 1521,1534-35). They also disputed that the subpoenas are excessive in scope (**SEALED** Id. at PageID # 1521, 1535-41). Additionally, they asserted that Plaintiffs lack standing to object to the subpoenas and failed to engage in a "meet and confer" conference as required by the local rules (**SEALED** Id. at PageID # 1521, 1531-34).

A Memorandum Opinion and Order, filed on September 8, 2022, addressed Plaintiffs' motion to quash Defendants' subpoenas (DN 99). The undersigned found that Plaintiffs had not demonstrated they had standing to challenge the Fed. R. Civ. P. 45 subpoenas issued to non-parties (DN 99 PageID # 3314). Therefore, the undersigned declined to undertake a substantive evaluation of the subpoenas to determine if they were overbroad, unduly burdensome or not proportional to the needs of the case (Id.). However, the undersigned determined that Plaintiffs had standing under Fed. R. Civ. P. 26 to object to the timing of the subpoenas (Id.). The undersigned found the subpoenas were issued after the May 9, 2022, fact discovery deadline had passed (Id. at PageID # 3315-18). In reaching this conclusion, the undersigned considered but found no merit to Defendants' contentions about the May 9, 2022, telephonic conference and Order at DN 91 (DN 99 PageID # 3315-18). The undersigned explained that the abeyance of the discovery deadline was only applicable to the deposition of Mason Miller, "[i]t did not operate as

a wholesale re-opening of discovery for which the deadline had otherwise expired" (Id. at PageID # 3317).  Additionally, the undersigned explained, if Defendants wished to take further discovery, they would have to file a motion, under Fed. R. Civ. P. 16(b)(4), for an extension of the pretrial fact discovery deadline in the Seventh Amended Scheduling Order (Id. at PageID # 3317-18).  The undersigned indicated that the issue of whether Plaintiffs failed to comply with the meet and confer requirement was "resolved by the Order at DN 92 which granted the parties leave to proceed with discovery-related motions" (Id.).  For the above reasons, the undersigned granted Plaintiffs' motion to quash (Id. at PageID # 3319).

Efforts to Reach an Agreement Concerning Discovery

Following entry of the above Order, the parties met and conferred regarding their discovery disputes and reached an agreement to avoid the necessity of filing a motion to amend the case schedule (DN 100 PageID # 3320).  On October 10, 2022, the parties submitted the proposed Eighth Agreed Amended Scheduling Order that in relevant part reads:

> The parties acknowledge and agree that Defendants issued the following subpoenas on July 13, 2022 ("**July 2022 Subpoenas**"):
>
> a.   Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action issued to the April Francis Green Trust V on July 13, 2022;
>
> b.   Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action issued to Hutchinson Brothers, LLC on July 13, 2022;
>
> c.   Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action issued to Mason Miller on July 13, 2022;
>
> d.   Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action issued to John Stites on July 13, 2022; and
>
> e.   Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action issued to Maryann LaFollette on July 13, 2022.

**IT IS HEREBY ORDERED** that the case schedule is amended as follows:

1)      No later than October 21, 2022, pursuant to the Federal Rules of Civil Procedure, Plaintiffs shall make a supplemental production of any and all materials and information in their custody, control, or possession that are responsive to any and all discovery requests previously issued by Defendants and that remain outstanding, including Defendants' Fifth Set of Requests for Production of Documents, subject to all applicable objections and privilege.

2)      No later than October 21, 2022, pursuant to the Federal Rules of Civil Procedure, Defendants shall make a supplemental production of any and all materials and information in their custody, control, or possession that are responsive to any and all discovery requests previously issued by Plaintiffs and that remain outstanding, subject to all applicable objections and privilege.

3)      No later than October 21, 2022, pursuant to the Federal Rules of Civil Procedure, Plaintiffs will complete a privilege review and produce responsive documents to the July 2022 Subpoenas directed to Hutchinson Brothers, LLC and April Francis Green Trust V and the March 21, 2022 Subpoena directed to Steve Hutchinson.

4)      **Motions pertaining to unresolved discovery and scheduling disputes may not be filed without first having a joint telephonic conference with the Magistrate Judge arranged through his courtroom deputy, Kelly Lovell, at 270-393-2507, or kelly_lovell@kywd.uscourts.gov. Any agreed amendments to the Scheduling Order shall be submitted to the Court in the form of an agreed order. Should the parties believe that there is good cause to pursue a motion for additional discovery in the future, then an appropriate motion may be made pursuant to Fed. R. Civ. P. 16. ALL MOTIONS PERTAINING TO PERCEIVED DEFICIENCIES IN DISCOVERY RELATING TO SUPPLEMENTAL PRODUCTIONS OF MATERIALS REQUIRED TO BE PRODUCED PURSUANT TO PARAGRAPHS 1-3 ABOVE SHALL BE FILED NO LATER THAN NOVERMBER 14, 2022**.

5)      **No later than December 19, 2022**, counsel for the parties shall file all dispositive motions.  This same date is the filing deadline for motions related to the admissibility of expert testimony pursuant to Federal Rule of Evidence 702 (Daubert motions). Responses shall be due **no later than January 18, 2023** and replies due by **February 8, 2023**.

6)      Should the parties wish to schedule a settlement conference, they should contact Kelly Lovell.

7)      **If the parties agree to amendment of the deadlines established by this or any subsequent scheduling order, they may tender an agreed order.  Agreed orders may not extend deadlines "in general" or "until further orders of the court," and must contain specific deadlines dates.**

(Id. at PageID # 3320-22).

On October 21, 2022, Plaintiffs served their supplemental written responses and their supplemental production of documents (**SEALED** DN 102-2 at PageID # 3360, 3526-29, 3531-34, 3536, 3540-45).  On November 1, 2022, the Clerk of the Court entered the Eighth Agreed Amended Scheduling Order (DN 101).

<u>Defendants' Motion</u>

On November 14, 2022, Defendants filed their Motion to Compel Production of Documents from Plaintiffs and Subpoenaed Non-Parties and to Reopen Deposition of Mason Miller (**SEALED** DN 102).  Defendants move the Court for an order:

(1)      Compelling Plaintiffs . . . to comply with Fed. R. Civ. P. 26 and 34 and to produce all outstanding documents that are responsive to any of Defendants' previously issued discovery requests, specifically including and without limitation, all communications between Steven Hutchinson and Samuel S. Francis relating to the issues in this litigation, as well as all documents pertaining to any financial interest or payment(s) Mason Miller has received or will receive from any of the Plaintiffs;

(2)     Compelling Steven Hutchinson to comply with Fed. R. Civ. P. 26 and 45 and produce all outstanding documents that are responsive to Defendants' subpoena issued to him on March 21, 2022 in this action, specifically including and without limitation, all communications between he and Samuel S. Francis;

(3)     Compelling Mason Miller and the April Francis Green Trust V to comply with Fed. R. Civ. P. 26 and 45 and produce all outstanding documents that are responsive to Defendants' subpoenas issued to them in this action, specifically including and without limitation, all documents pertaining to any financial interest or payment(s) Mason Miller has received or will receive from any of the Plaintiffs and/or their affiliates or the April Francis Green Trust V; and

(4)     Permitting the reopening of the deposition of Mason Miller such that Defendants may continue the examination of Mason Miller for an additional seven hours within fourteen (14) days after Plaintiffs, Steven Hutchinson, Mason Miller, and the April Francis Green Trust V satisfy the obligations stated in subparts (1)-(3) of this paragraph.

(**SEALED** Id. at PageID # 3328-29).   On December 5, 2022, Plaintiffs filed their response (**SEALED** DN 104), and nonparty witness Mason Miller filed his response (**SEALED** DN 105). On December 19, 2022, Defendants filed their reply (**SEALED** DN 113).

## CONCLUSIONS OF LAW

### Communications between Messrs. Hutchinson and Francis

1.     Arguments of the Parties

Defendants' motion seeks an order compelling Plaintiffs and Steven Hutchinson to provide a more fulsome production of the emails between Steven Hutchinson and Samuel S. Francis (**SEALED** DN 102 PageID # 3328; **SEALED** DN 102-1 PageID # 3348).[2]   Defendants indicate

---

[2] Defendants' motion also alludes to compelling Plaintiffs to "produce all outstanding documents that are responsive to any of Defendants' previously issued discovery requests," and compelling Steven Hutchinson to "produce all outstanding documents that are responsive to Defendants' subpoena issued to him on March 21, 2022" (**SEALED** DN 102 PageID # 3328).   But Defendants have neither specifically identified the document requests to which they are referring, nor have they discussed at length why they believe Plaintiffs and Mr. Hutchinson have not provided fulsome

that Plaintiffs' supplemental production on October 21, 2022, contained "just seven emails" between Messrs. Francis and Hutchinson (**SEALED** DN 102-1 PageID # 3347; **SEALED** DN 102-2 PageID # 3360). Defendants assert that neither Plaintiffs nor Mr. Hutchinson have offered a satisfactory explanation for why there is a dearth of these emails given Mr. Hutchinson's testimony that they communicated as much as twice per week for years (**SEALED** DN 102-1 PageID # 3348).

Plaintiffs indicate after conducting a thorough and diligent search, they have provided all responsive documents in their possession that are responsive to Defendants' Requests and subpoenas (**SEALED** DN 104 PageID # 3929-30). Plaintiffs argue there is no basis for Defendants' assertion that additional emails between Messrs. Hutchinson and Francis exist which have not yet been turned over by Plaintiffs (**SEALED** Id. at PageID # 3932-33). Plaintiffs point out that Mr. Hutchinson's affidavit indicates the overwhelming majority of his email and telephone communications with Mr. Francis—during the nearly 25 years they were acquainted—concerned matters unrelated to this litigation or any of the parties to this litigation (Id.). Further, Mr. Hutchinson's affidavit indicates that with the advice of Plaintiffs' counsel, he conducted multiple searches of his email account and determined that no additional emails exist which have not yet been turned over (**SEALED** Id. at PageID # 3933).

Defendants' reply acknowledges that Plaintiffs indicate they have produced all responsive emails between Messrs. Hutchinson and Francis (**SEALED** DN 113 PageID # 6176-77). Defendants posit that Plaintiffs and Mr. Hutchinson provide no satisfactory explanation as to why

---

responses to those requests. It is well-established that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Layne, 192 F.3d 556, 566 (6th Cir. 1999) (quoting McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir. 1997)); see also Brindley v. McCullen, 61 F.3d 507, 509 (6th Cir. 1995) (observing that "[w]e consider issues not fully developed and argued to be waived."); Rice v. Comm'r of Soc. Sec., 169 F. App'x 452, 454 (6th Cir. 2006).

Plaintiffs' Supplemental Production contained only seven emails, despite Mr. Hutchinson's testimony that the two men communicated as much as twice per week (**SEALED** Id. at PageID # 6177, 6188-89). Defendants also take issue with Plaintiffs' comment suggesting some emails between Messrs. Hutchinson and Francis, who are not attorneys, may have been withheld on claim of privilege (**SEALED** Id. at PageID # 6188). For these reasons, Defendants assert that the Court should compel Plaintiffs and Mr. Hutchinson to comply with their discovery obligations and produce all responsive emails between Messrs. Hutchinson and Francis (Id. at PageID # 6188).

2.    Applicable Law

Rule 26(b)(1) of the Federal Rules of Civil Procedure guides the evaluation of any discovery request. The Rule provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . ." Fed. R. Civ. P. 26(b)(1).[3] In assessing whether the discovery is "proportional to the needs of the case," courts should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment. The Rule also directs that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id. Additionally, Rule 26(b)(1) defines the scope of discovery for a subpoena issued pursuant to Rule 45. Medical Ctr. at Elizabeth Place, LLC v. Premier Health Partners, 294 F.R.D. 87, 92 (S.D. Ohio 2013) (quoting

---

[3] Certainly, a "variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in the given action." Fed. Rule Civ. P. 26(b)(1) advisory committee's note to 2000 amendment. For example, "information that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses, might be properly discoverable." Fed. Rule Civ. P. 26(b)(1) advisory committee's note to 2000 amendment.

Hendricks v. Total Quality Logistics, 275 F.R.D. 251, 253 (S.D. Ohio 2011)); Barrington v. Mortage IT, Inc., No. 07-61304-CIV, 2007 WL 4370647, at *3 (S.D. Fla. Dec. 10, 2007) (citations omitted).

      3.     <u>Discussion</u>

The issue is whether Plaintiffs and Mr. Hutchinson have provided fulsome responses to Defendants' requests for emails between Messrs. Hutchinson and Francis.  The undersigned will begin with the motion to compel as to Plaintiffs and then address the motion to compel as to Mr. Hutchison.

Defendants' motion seeks an order compelling Plaintiffs to fully comply with Defendants' "previously issued" Rule 34 document requests (*see* **SEALED** DN 102 PageID # 3328; **SEALED** DN 102-7 PageID # 3912).  But Defendants have undermined the adjudication of their claim by failing specifically identify the "previously issued discovery requests" that purportedly seek production of the subject email communications between Messrs. Hutchinson and Francis (*see* **SEALED** DN 102 PageID # 3328; **SEALED** DN 102-7 PageID # 3912).  Defendants claim to have requested the emails "from Plaintiffs several times, including in their First Set of Requests for Production of Documents issued on March 20, 2019" (**SEALED** DN 102-1 PageID # 3345).  But there are 125 enumerated document requests in their First Set of Requests for Production of Documents, and Defendants have not specified which of those requests purportedly seek the email communications between Messrs. Hutchinson and Francis (*see* **SEALED** DN 102-1 PageID # 3345; **SEALED** DN 95-2 PageID # 1560-96).  The undersigned reviewed all 125 document requests and did not find a request that could arguably be construed as seeking the subject emails between Messrs. Hutchinson and Francis.  Moreover, Defendants made no effort to specifically identify the other Rule 34 document requests alluded to in their memorandum.  Therefore,

Defendants' motion to compel Plaintiffs to provide more fulsome responses to Defendants' discovery requests for emails between Messrs. Hutchinson and Francis is **DENIED** because Defendants have failed to demonstrate they requested the subject emails pursuant to Fed. R. Civ. P. 34.  *See* Nilavar v. Mercy Health Sys.-W. Ohio, 210 F.R.D. 597, 610 (S.D. Ohio 2002) ("However, Rule 34 is the formal mechanism by which documents are to be requested, and Plaintiff's Motion to Compel Discovery is only viable as to documents requested by that method.").

By contrast, Defendants have specifically cited Document Request No. 23—in the March 21, 2022, subpoena duces tecum served on Mr. Hutchinson—which seeks "[a]ll documents constituting or reflecting any communications between you and any Francis Party discussing or referencing" eight delineated subjects, including the 2013 Settlement Agreement (**SEALED** DN 102-1 PageID # 3345; **SEALED** DN 102-2 PageID # 3374-75).  Additionally, the undersigned notes that Document Request No. 28 similarly seeks "[a]ll documents constituting or pertaining all materials that Steven Hutchinson testified to during his November 9, 2021 deposition . . .including but not limited to . . . the email correspondence between Samuel S. Francis and Steven Hutchinson discussed at Hutchinson Dep. 25:12-28:13 & 273:1-273:14 (transcript pages attached as Exhibit 7)" (**SEALED** Id. at PageID # 3376).  Thus, Defendants have demonstrated that they requested the subject emails from Mr. Hutchinson pursuant to Fed. R. Civ. P. 45.

Mr. Hutchinson has submitted an affidavit that avers the following: (1) with the advice of Plaintiffs' counsel, he conducted multiple searches of his email account to provide a response to the March 2022 subpoena; (2) he produced all emails sent to or received from Mr. Francis on topics responsive to the March 2022 subpoena; and (3) he is not aware of any additional emails that have not already been produced to Defendants (**SEALED** DN 104-3 PageID # 3950).  Further, Mr. Hutchinson's affidavit explains that the overwhelming majority of his email and telephone

communications with Mr. Francis concerned matters unrelated to this litigation or any of the parties to this litigation (Id. at PageID # 3949-50).

While Defendants demand significantly more detail from Mr. Hutchinson concerning his multiple searches for emails,[4] they have not cited any authority in support of their position. Furthermore, the averments in Mr. Hutchinson's affidavit are more than adequate to confirm that he made a reasonable effort to ensure that all emails in his possession which are responsive to the March 2022 subpoena have been provided.

Defendants also point out that Plaintiffs' response to the motion to compel indicates they have withheld some of the emails on claim of privilege (**SEALED** DN 113 PageID # 6188). Specifically, Plaintiffs stated, "Mr. Hutchinson turned over all emails responsive to Defendant's subpoenas and, after completing an appropriate privilege review, Plaintiffs' counsel produced all of Mr. Hutchinson's emails that are responsive to Defendants' subpoenas and that are not being withheld on the basis of privilege" (Id.) (**SEALED** DN 104 PageID # 3933). Defendants question how the emails between Messrs. Francis and Hutchinson, who are not attorneys, could possibly be subject to the attorney-client privilege (Id.).

Plaintiffs' above quoted response suggests they may have withheld some emails on claim of privilege that are otherwise responsive to Document Request Nos. 23 and 28 in the March 21, 2022, subpoena duces tecum directed to Mr. Hutchinson.  However, this may also be boiler plate language that does not accurately portray the circumstances.  The undersigned notes that Paragraph No. 3 in the Eighth Agreed Amended Scheduling Order specifies, "[n]o later than October 21,

---

[4] Defendants point out that Mr. Hutchinson's averments concerning his multiple searches for the emails failed to indicate (1) when each search was conducted; (2) whether the searches were performed at the beginning of this litigation pursuant to a litigation hold, in March 2022 after receipt of the subpoena, or the fall of 2022 after entry of the Eighth Scheduling Order; (2) how each search was conducted; (3) whether any preservation process was in place to prevent automatic deletion of the emails; and (4) whether he engaged any third-party electronic discovery assistance for the searches (**SEALED** DN 113 PageID # 6188-89).

2022, . . . Plaintiffs will complete a privilege review and produce responsive documents to . . . the March 21, 2022 Subpoena directed to Steve Hutchison" (DN 101 PageID # 3325).  If Plaintiffs have in fact withheld some emails on claim of privilege, then they must notify Defendants by providing privilege log entries that comport with the requirements set forth in Rule 26(b)(5).  *See* First Horizon Nat'l Corp. v. Houston Cas. Co., No. 2:15-CV-2235-SHL-dkv, 2016 WL 5867268, at *4 (Oct. 5, 2016); Fed. R. Civ. P. 26(b)(5) advisory committee's note to 1993 amendment.  Upon receipt of the privilege log entries, Defendants can ascertain whether to challenge the claim of privilege.

   **WHEREFORE**, Defendants' motion is **DENIED** to the extent it seeks an order compelling Mr. Hutchinson to provide more fulsome responses to Document Request Nos. 23 and 28, in the March 21, 2022, subpoena duces tecum, which seek emails between Messrs. Hutchinson and Francis.

   **WHEREFORE, within 15 days of entry of this Order**, Plaintiffs must file a notice indicating whether they have in fact withheld emails on claim of privilege that are otherwise responsive to the above-mentioned document requests in the March 21, 2022, subpoena duces tecum directed to Mr. Hutchinson.  **If Plaintiffs have withheld emails on claim of privilege**, **within 15 days of entry of this Order** they must also provide Defendants with privilege log entries that comport with Fed. R. Civ. P. 26(b)(5).

Mr. Miller's Financial Interest and Payments Received

1.    Arguments of the Parties

   Defendants' motion seeks an order compelling Plaintiffs, Mr. Miller, and the April Francis Green Trust V to provide all documents pertaining to any financial interest or payments Mr. Miller received or will receive from any of the Plaintiffs, and/or their affiliates, or the April Francis Green

Trust V (**SEALED** DN 102 PageID # 3328-29; **SEALED** DN 102-1 PageID # 3348). Defendants point out that Plaintiffs' supplemental document production showed, for the first time, that Mason Miller received a royalty from WKRT through at least November 2014 (**SEALED** DN 102-1 PageID # 3348). "Yet, no payment records were provided; only an incomplete portion of a single email [dated November 13, 2014] from Mr. Francis asking Mr. Miller to convert his royalty interest into a percentage royalty was produced" (**SEALED** Id. at PageID # 3348-49). Defendants contend that neither Plaintiffs nor Mr. Miller "has produced even a response to this email, let alone all other communications related to 'any stake, interest, right, or benefit Mason Miller holds or has a claim to under the WKRT'" (**SEALED** Id. at PageID # 3349).

Plaintiffs indicate they have provided all documents in their possession that are responsive to Defendants' Fifth Set of Requests for Production of Documents and the subpoenas issued on July 13, 2022 (**SEALED** DN 104 PageID # 3929-31). Plaintiffs assert, "[a]fter a thorough and diligent search, Plaintiffs provided responsive documents to Defendants on October 21, 2022 as required by the Court's Eighth Amended Agreed Scheduling Order" (**SEALED** Id. at PageID # 3930). Plaintiffs advise that what they "provided include communications between the parties, copies of communications with Mr. Miller, a copy of the Western Kentucky Royalty Trust Agreement in its entirety, and a copy of the Partial Assignment of Overriding Royalty Interest to Mr. Miller – all of which were responsive to the Defendants' Requests for Documents and their subpoenas" (Id.). In response to Defendants' suggestion that they are entitled to records of payments made to Mr. Miller for legal work he performed prior to 2006, Plaintiffs contend that such records are not "communications" which is what Defendants sought in their Requests (**SEALED** Id. at PageID # 3931-32). Additionally, such records are not relevant to this litigation within the meaning or Fed. R. Civ. P. 26(b)(1) (Id. at PageID # 3932).

In reply, Defendants assert that Plaintiffs and Mr. Miller do not deny the existence of unproduced royalty payment records from WKRT to Mr. Miller from 2006 through at least November 2014 (**SEALED** DN 113 PageID # 6177, 6187).  Defendants disagree with Plaintiffs' suggestion that since a copy of the Partial Assignment of Overriding Royalty Interest from WKRT to Mr. Miller was produced by another non-party in discovery, they are relieved of their discovery obligations to produce the requested records (**SEALED** Id.).  Additionally, Defendants' dispute Plaintiffs' contention that the Document Requests do not seek royalty payment records (**SEALED** Id.).  Defendants argue they are entitled to these requested, but unproduced records, including an email dated November 14, 2014, from Mr. Francis to Mr. Miller, because the definition of "Communication" in the July 13, 2022, Document Requests is expansive enough to include documents such as transmittal of payment records, invoices, ledgers, and accountings (**SEALED** Id.).

2.    <u>Discussion</u>

The issue is whether Plaintiffs and Mr. Miller have complied with the applicable civil rules by providing fulsome responses to certain document requests that Defendants served on July 13, 2022. [5]  As more fully explained below, Defendants essentially argue that Plaintiffs and Mr. Miller have not provided: (1) all materials discussing or referencing communications about any vested

---

[5] Defendants' motion also mentions compelling Plaintiffs, Mr. Miller, and the April Francis Green Trust V to produce all documents pertaining to any financial interest or payments Mr. Miller has received from any of the other Plaintiffs, including the April Francis Green Trust V, and/or their affiliates (**SEALED** DN 102 PageID # 3329; **SEALED** DN 102-1 PageID # 3334).  Additionally, Defendants' motion alludes to compelling Plaintiffs to "produce all outstanding documents that are responsive to any of Defendants' previously issued discovery requests," and compelling Mr. Miller and the April Francis Green Trust V to "produce all outstanding documents that are responsive to Defendants' subpoenas issued to them in this action" (**SEALED** DN 102 PageID # 3329).  But Defendants have not provided a developed argument in support of each of these perfunctory claims.  It is well-established that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." <u>United States v. Layne</u>, 192 F.3d 556, 566 (6th Cir. 1999) (quoting <u>McPherson v. Kelsey</u>, 125 F.3d 989, 995-96 (6th Cir. 1997)); *see also* <u>Brindley v. McCullen</u>, 61 F.3d 507, 509 (6th Cir. 1995) (observing that "[w]e consider issues not fully developed and argued to be waived."); <u>Rice v. Comm'r of Soc. Sec.</u>, 169 F. App'x 452, 454 (6th Cir. 2006).  Therefore, Defendants are deemed to have waived each of the above-mentioned claims.

interest Mr. Miller has in the WKRT; and (2) any financial records which document payments Mr. Miller received or will receive from WKRT as a result of his vested interest (**SEALED** DN 102-1 PageID # 3346-47; **SEALED** DN 102-2 PageID # 3360; **SEALED** DN 113 PageID # 6177, 6187).

Defendants' claim as to Plaintiffs is based on Request for Production No. 155(b) and (c) in the Fifth Set of Requests for Production of Documents (see **SEALED** 102-1 PageID # 3333, 3346-47; **SEALED** DN 102-2 PageID # 3521).  Specifically, it reads "[a]ll documents constituting or pertaining to communications between Plaintiffs and Mason Miller discussing or referencing: . . . **b.** any stake, interest, or benefit Mason Miller holds or has a claim to under the WKRT; or **c.** Mason Miller's interest in the outcome of this litigation." (**SEALED** DN 102-2 PageID # 3521) (emphasis added).

Defendants' claim as to Mr. Miller is based on Document Request No. 3(g) in the subpoena duces tecum (see **SEALED** 102-1 PageID # 3333; **SEALED** DN 95-6 PageID # 2303-04). Precisely, it reads "[a]ll documents constituting or reflecting any communications between you and Samuel S. Francis discussing or referencing: . . . **g.** any stake, interest, right, or benefit you hold or have a claim to under the Western Kentucky Royalty Trust; . . ." (**SEALED** DN 95-6 PageID # 2303-004) (emphasis added).

The undersigned will now address whether Plaintiffs and Mr. Miller have provided all materials discussing or referencing communications about any vested interest Mr. Miller has in the WKRT.  Defendants' filings indicate that on October 21, 2022, Plaintiffs served supplemental written responses and a supplemental production of documents in response to Defendants' Fifth Set of Requests for Production of Documents (*see* **SEALED** DN 102-2 PageID # 3360, Declaration of Mr. McCormick ¶¶ 10).  Plaintiffs' supplemental written response to Request for Production No. 155 sets forth several boiler plate objections before indicating that documents

bates-labelled WL-042357-042363 are provided in response to Defendants' Request for Production No. 155(b), and that Plaintiffs do not have any documents responsive to Defendants' Request for Production No. 155(c) (**SEALED** DN 102-2 PageID # 3526). After cross-referencing this information with the averments in paragraph No. 10 of Mr. McCormick's Declaration and Exhibits 5-8 attached thereto, the undersigned has determined that Plaintiffs responded to Defendants' Request for Production No. 155(b) by providing copies of: (1) the Partial Assignment of Overriding Royalty Interest, made November 20, 2006, between WKRT and Mr. Miller as payment for legal services already rendered (bates-labelled 042357-042360); and (2) an email dated November 11, 2014, from Mr. Francis to Mr. Miller suggesting they convert Mr. Miller's royalty interest to a percentage of WKRT's gross revenue (bates-labelled 042361) (**SEALED** Id. at PageID # 3360, 3531-34, 3536).[6] The two documents mentioned above are responsive to Defendants' request for materials discussing or referencing communications about any vested interest Mr. Miller has in the WKRT.

As mentioned above, Defendants complain that Plaintiffs have not produced Mr. Miller's response to Mr. Francis' email dated November 11, 2014, and that Plaintiffs failed to produce any material in response to Request 155(c). The undersigned notes that by signing Plaintiffs' supplemental written response, Plaintiff's counsel has certified that a reasonable effort has been made to assure that all materials which are responsive to Defendants' Request for Production No.

---

[6] Defendants' filings do not account for two pages of material (bates-labelled 042362-042363) which Plaintiffs' written response indicates were provided in response to Defendants' Request for Production No. 155(b) (*see* **SEALED** DN 102-2 PageID # 3526). Defendants' initial memorandum alludes to Plaintiffs producing an email, dated December 9, 2013, and that a copy of that email is attached to Mr. McCormick's Declaration as Exhibit 7 (**SEALED** DN 102-1 PageID # 3346 n. 16) (citing **SEALED** DN 102-2 PageID # 3360, ¶ 10). The undersigned cannot determine whether the December 9, email is bates-labelled 042362-042363 because it is not attached to Mr. McCormick's Declaration as Exhibit 7. Instead, an email string, dated October 31, 2017, between Mr. Francis and Robert Thomason (bates-labelled SH-01952) is attached to Mr. McCormick's Declaration as Exhibit 7 (*see* **SEALED** DN 102-2 PageID # 3537-38). Obviously, the October 31, email string was not provided by Plaintiffs in response to Defendants' Request for Production No. 155(b).

155(b) have been provided and that there are no documents responsive to Request for Production No. 155(c) (*see* **SEALED** Id. at PageID # 3528).  *See* State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC, No. 14-11700, 2017 WL 11379855, at *4 (S.D. Mich. Dec. 15, 2017) (citing Fed. R. Civ. P. 26(g) advisory committee's note to 1983 amendment; Gorrell v. Sneath, 292 F.R.D. 629, 636 (E.D. Cal. 2013)).  Thus, Plaintiffs have provided a fulsome response to Defendants' request for all materials discussing or referencing communications about any vested interest Mr. Miller has in the WKRT.  **WHEREFORE**, Defendants' motion is **DENIED** to the extent it seeks an order compelling Plaintiffs to produce additional nonprivileged documents discussing or referencing Mr. Miller's vested interest in the WKRT.

Defendants' filings do not indicate what material Mr. Miller, or his law firm, provided in response to Document Request No. 3(g) (**SEALED** DN 102-1 PageID # 3344-47; **SEALED** DN 95-6 PageID # 2290-92, August 16, 2022, Declaration of Mr. McCormick; **SEALED** 102-2 PageID # 3359-61, November 14, 2022, Declaration of Mr. McCormick).  However, an exhibit filed by Mr. Miller indicates as of November 9, 2022, neither Mr. Miller, nor his law firm, provided Defendants any documents discussing or referencing Mr. Miller's vested interest in the WKRT (**SEALED** DN 105-1 PageID # 3986, Exhibit A).  **WHEREFORE**, Defendants' motion is **GRANTED** to the extent it seeks an order compelling Mr. Miller and his law firm to produce nonprivileged documents discussing or referencing Mr. Miller's vested interest in the WKRT.

The undersigned will now address Defendants' argument that Plaintiffs and Mr. Miller have failed to produce any financial records—such as payment records, invoices, statements, tax documents, ledgers, and accounting records—which document payments Mr. Miller received from WKRT as a result of his vested interest.  The plain meaning of the language used in both discovery requests does not support Defendants' position.  Defendants attempt to overcome this shortfall by

asserting that the "Definitions" section to both discovery requests attribute the broadest possible meaning to the term's "communication" and "document" (**SEALED** DN 113 PageID # 6187) (citing DN 95-6 PageID 2300-01; **SEALED** DN 102-2 PageID # 3517-18).  Defendants contend because "documents such as transmittals of payment records, invoices, ledgers, and accountings fit within these definitions" they are entitled to these documents (**SEALED** Id.).  The undersigned disagrees because both discovery requests seek materials discussing or referencing communications about any vested interest Mr. Miller has in the WKRT.  Critically, they do not ask for financial records that memorialize the royalty payments Mr. Miller received from WKRT as a result of his vested interest.  For the above reasons, Plaintiffs and Mr. Miller have provided fulsome responses to the document requests.  **WHEREFORE**, Defendants' motion is **DENIED** to the extent it seeks an order compelling Plaintiffs and Mr. Miller to provide any financial records which document payments Mr. Miller has received from WKRT as a result of his vested interest.

<u>Reopening Mr. Miller's Deposition</u>

1.    <u>Arguments of the Parties</u>

Essentially, Defendants argue the "good cause" requirement in Fed. R. Civ. P. 16(b)(4) is satisfied and, therefore, it is appropriate to reopen Mr. Miller's deposition under Fed. R. Civ. P. 30(a)(2)(A)(ii) because they did not learn about Mr. Miller's adverse interests and positions until they conducted his deposition on June 8, 2022, and received Plaintiffs' Supplemental Production on October 21, 2022 (**SEALED** DN 102 PageID # 3329; **SEALED** DN 102-1 PageID # 3349-55) (citing <u>Bobalik v. Bj's Rests.</u>, No. 3:19-CV-0661-RGJ-LLK, 2021 U.S. Dist. LEXIS 246269, at *18-19 (W.D. Ky. Jan. 12, 2021); <u>Christie v. Keurig Green Mt.</u>, No. 1:21-cv-45, 2022 U.S. Dist. LEXIS 165634, at *11 (S.D. Ohio Sep. 13, 2022)).  Defendants suggest that Mr. Miller's deposition be conducted within 14 days after Plaintiffs, Mr. Hutchinson, Mr. Miller, and the April

Francis Green Trust V produce their obligations discussed in the preceding sections (**SEALED** DN 102 PageID # 3329; **SEALED** DN 102-1 PageID # 3349-55).  Defendants assert an extension of the pretrial fact discovery deadline will not impact any dispositive rulings because the parties have yet to file dispositive motions (**SEALED** 102-1 PageID # 3353).  Defendants claim that the protracted discovery period in this case is not their fault, but argue instead it is a product of several factors such as the death of the primary Plaintiff; Plaintiffs' change of counsel and requested extensions; the parties' agreement to focus on mediation; and the repeated refusal of Plaintiffs and the nonparties to provide fulsome document productions (**SEALED** Id.).  Defendants contend they were not dilatory in trying to schedule Mr. Miller's deposition or in following up with discovery requests aimed at clarifying issues raised by Mr. Miller's deposition testimony (**SEALED** Id.).  Defendants accuse Plaintiffs and the subpoenaed nonparties of delaying the production of requested documents until the fact discovery deadline expired (**SEALED** Id. at PageID # 3354).  Finally, Defendants contend that amending the pretrial fact discovery deadline will not prejudice Plaintiffs (**SEALED** Id. at PageID # 3354-55).

Plaintiffs argue Defendants should not be permitted to reopen the deposition of Mr. Miller because the record clearly demonstrates that Defendants were aware of all such information for months before Mr. Miller's deposition (**SEALED** DN 104 PageID # 3930).  Plaintiffs accuse Defendants of seeking to reopen Mr. Miller's deposition to question him about issues they failed or neglected to ask him about previously (**SEALED** Id.).  Plaintiffs contend Defendants' reliance on Bobalik, 2021 U.S. Dist. LEXIS 246269, at *18-19 and Christie, 2022 U.S. Dist. LEXIS

165634, at *11 is misguided because the purportedly new and previously undiscovered information was provided months before Mr. Miller's deposition (**SEALED** Id. at PageID # 3934-35).[7]

Mr. Miller objects to Defendants' motion to reopen his deposition (**SEALED** DN 105 PageID # 3975).  He points out, "[t]he crux of the Motion is founded upon the false statement that the Defendants only recently learned that outstanding legal fees owed to Miller by Mr. Samuel Francis prior to 2006 has been paid by [WKRT]" (**SEALED** DN 105 PageID # 3976).  Mr. Miller asserts that this "so-called 'smoking gun' document" was disclosed to the Defendants months before his deposition on June 8, 2022, and Defendants have had a copy of this document since the day it was executed in their presence (**SEALED** Id.).  Mr. Miller submitted an affidavit rebutting a number of accusations in Defendants' memorandum (**SEALED** DN 105-3).

In reply, Defendants assert a reopening of Mr. Miller's deposition is warranted by his opinions and potential biases which they learned about through: (1) his June 8 deposition testimony; (2) documents Plaintiffs provided in their Supplemental Production; and (3) documents Plaintiffs have yet to produce such as the requested royalty payment records and a complete copy of the November 14 email (**SEALED** DN 113 PageID # 6177, 6189-90).[8]  Defendants contend that two averments in Mr. Miller's Affidavit also warrant a reopening of Mr. Miller's deposition because his averments are contradicted by other evidence (**SEALED** Id. at PageID # 6177-78).[9]

---

[7] Plaintiffs point out that the Partial Assignment of Overriding Royalty Interest was executed in 2006 and was intended to compensate Mr. Miller for legal services already performed years before the facts giving rise to this case occurred (**SEALED** DN 104 PageID # 3934-35).  Plaintiffs indicate that it was produced to Defendants in March 2022, in response to another subpoena previously issued by Defendants (**SEALED** Id.).

[8] According to Defendants, the November 14, 2014, email from Mr. Francis to Mr. Miller "suggests that, at least through 2014 and while serving as outside general counsel to the Armstrong Entities during the Francis Cases, Mr. Miller received a one-half cent ($.005) per ton royalty from WKRT, a party opponent to his clients at the time" (**SEALED** DN 113 PageID # 6177).

[9] The two averments in Mr. Miller's Affidavit are: (1) he attended the closing of the 2013 Settlement Agreement only to provide answers to "questions about factual matters concerning various recorded and publicly available land records involving the Armstrong and Francis entities"; and (2) he is "not and ha[s] never been a beneficiary of the Western Kentucky Royalty Trust" (**SEALED** DN 113 PageID # 6177-78) (quoting DN 105-3 PageID # 3996-97).

2.      Applicable Law

Rule 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Thus, the decision whether to amend an expired deadline in a scheduling order is committed to the Court's discretion.  Fed. R. Civ. P. 16(b)(4).

As the scheduling order's deadline for completing all pretrial discovery has passed, Defendants must first show "good cause" under Rule 16(b)(4) for their failure to earlier seek leave to amend before the Court will consider whether a second deposition of Mr. Miller is proper under Fed. R. Civ. P. 30(a)(2)(A)(ii).  *See* Leary v. Daeschner, 349 F.3d 888, 909 (6th Cir. 2003) (Once the scheduling order's deadline passes, a party "must first show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)."); Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002) (A court may modify a scheduling order for good cause only if a deadline cannot reasonably be met despite the diligence of the party seeking the extension.).

"Another relevant consideration is possible prejudice to the party opposing the modification."  Inge, 281 F.3d at 625 (citation omitted).  But the Court must first find that the moving party proceeded diligently before considering whether the nonmoving party is prejudiced, and only then to ascertain if there are any additional reasons to deny the motion.  Smith v. Holston Med. Grp., P.C., 595 F. App'x 474, 479 (6th Cir. 2014).  Thus, the movant who fails to show "good cause" will not be accorded relief under Rule 16(b)(4) merely because the opposing party will not suffer substantial prejudice due to a modification of the scheduling order.  Interstate Packaging Co. v. Century Indemnity Co., 291 F.R.D. 139, 145 (M.D. Tenn. 2013) (citing Leary, 349 F.3d at 906, 909; Korn v. Paul Revere Life Ins. Co., 382 F. App'x 443, 449 (6th Cir. 2010)).

3.    Discussion

Defendants rely on their professional relationship with Mr. Miller from 2008 through 2014 to assert they were blindsided by his testimony that is antithetical to their position in the lawsuit concerning Sections 4(b) and 4(f) of the 2008 Settlement Agreement (**SEALED** DN 102 PageID # 3335, 3352).  Defendants rely on the holdings in Bobalik v. Bj's Rests., No. 3:19-CV-0661-RGJ-LLK, 2021 WL 6102394, at *6-7 (W.D. Ky. Jan. 12, 2021) and Christie v. Keurig Green Mt., No. 1:21-CV-45, 2022 WL 4182365, at *4-5 (S.D. Ohio Sept. 13, 2022) to argue they have demonstrated "good cause" to amend the deadline for conducting pretrial fact discovery because the above mentioned testimony is relevant evidence that was only discovered after the close of fact discovery.  For the reasons that follow, Defendants have not shown "good cause" under Fed. R. Civ. P. 16(b)(4).

In Bobalik, after the fact discovery deadline had passed, the plaintiffs moved to extend the fact discovery deadline so they could explore newly discovered information and issues that were relevant to their claims against the Defendants.  2021 WL 6102394, at *6.  The district court in Bobalik concluded that the plaintiffs established "good cause" because the information fell within the scope of discovery, it was discovered after the close of fact discovery, and the plaintiffs had not yet had an opportunity to develop discovery concerning the information.  2021 WL 6102394, at *6-7.  But the district court in Bobalik applied the "good cause" standard in Rule 6, not Rule 16(b)(4).  Id.  In pertinent part the Rule reads, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  Excusable-neglect determinations under Rule 6(b)(1)(B) involve "a balancing of five principal factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its

potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." <u>Nafziger v. McDermott Int'l, Inc.</u>, 467 F.3d 514, 522 (6th Cir. 2006).

Defendants' reliance on <u>Christie</u>, is equally unavailing because the district court applied Fed. R. Civ. P. 56(d) in making its ruling, not Rule 16(b)(4). 2022 WL 4182365, at *4-5. In pertinent part, 56(d) states, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it . . ." In <u>Christie</u>, the district court denied Keurig's motion for summary judgment and granted Christie leave to conduct additional discovery because Keurig had withheld the relevant information that Christie had diligently sought to justify her opposition to the summary judgment motion. 2022 WL 4182365, at *4-5.

Defendants also assert that in making the "good cause" assessment the Court should utilize the five factors identified in <u>Dowling v. Cleveland Clinic Found.</u>, 593 F.3d 472, 478 (6th Cir. 2010). But the Sixth Circuit was not applying Rule 16(b)(4) in <u>Dowling</u>. <u>Id.</u> Instead, the Sixth Circuit was assessing whether the district court abused its discretion when it denied a Rule 56(d) motion to allow additional discovery. <u>Id.</u> The Sixth Circuit indicated when it conducts a review for abuse of discretion the following five factors are considered: "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests." <u>Id.</u>

In contrast to <u>Bobalik</u>, <u>Christie</u>, and <u>Dowling</u>, the undersigned is applying Rule 16(b)(4). The "good cause" analysis under Rule 16(b)(4) focuses on the party's diligence in moving to amend the expired deadline in the scheduling order. For example, in <u>Elite Lab. Services, Ltd. v.</u>

PCIJVKY, Inc., the Court found Rule 16(b)(4)'s "good cause" standard was not satisfied because the plaintiffs failed to explain why—after they obtained the critical information—they waited more than five months to file their motion to amend the expired scheduling order deadline for adding parties and amending pleadings. Elite Lab. Services, Ltd. v. PCIJVKY, Inc., No. 1:17-CV-00056-GNS-HBB, 2020 WL 3862264, at *4-5 (W.D. Ky. July 8, 2020), objections overruled, No. 1:17-CV-00056-GNS-HBB, 2021 WL 244791 (W.D. Ky. Jan. 25, 2021). Another example, in Carroll v. Young, the Court concluded that Rule 16(b)(4)'s "good cause" standard was not satisfied because the plaintiff failed to explain his lack of diligence in attempting to conduct pretrial fact discovery before the scheduling order deadline passed and, after that deadline passed, did not explain why he waited a total of 85 days—during which he received and reviewed the defendant's motion for summary judgment—before finally moving to extend the discovery deadline. Carroll v. Young, No. 1:19-CV-00153-GNS-HBB, 2022 WL 14151977, at *4-6 (W.D. Ky. Oct. 24, 2022). Thus, Defendants' reliance on the Bobalik, Christie, and Dowling cases is misguided because those cases involve application of a standard that differs from Rule 16(b)(4)'s "good cause" standard.

On May 9, 2022, the undersigned conducted a telephonic status conference with counsel for the parties (DN 91). Discussion during the status conference included taking of Mr. Miller's deposition and Defendants completing their review of recently received responses to document requests propounded to Plaintiffs (Id.). Defendants have subsequently indicated that they believed this status conference resulted in all current deadlines being held in abeyance. By contrast, the undersigned and Plaintiffs understood that only the deadline for conducting Mr. Miller's deposition was held in abeyance. The significance of this misunderstanding will become apparent in the paragraphs that follow. No one disputes that a follow-up status conference was scheduled for July 14, 2022.

On June 8, 2022, Defendants learned of Mr. Miller's adverse interpretations of Sections 4(b) and 4(f) of the 2008 Settlement Agreement during his deposition (**SEALED** DN 105-4 PageID # 3999-4210).  In the weeks that followed, Defendants did not make a timely request for a joint telephonic conference with the undersigned to address the need to reopen fact discovery in light of their being surprised by Mr. Miller's adverse testimony.  Nor did Defendants timely move the Court to amend the expired pretrial fact discovery deadline pursuant to Rule 16(b)(4).  Instead, Defendants focused their attention on preparing additional written discovery because they believed the pretrial fact discovery deadline was being held in abeyance.

On July 13, 2022, Defendants served Plaintiffs with a notice of their intent to serve subpoenas to produce documents on the following non-party witnesses: Mr. Miller; Hutchinson Brothers, LLC; John H. Stites, III; Trustee, April Francis Green Trust V; and Maryann LaFollette (DN 93-3).  Additionally, Defendants served Plaintiffs with their Fifth Set of Requests for Production of Documents (**SEALED** DN 102-2 PageID # 3360, 3515-22).

On July 14, 2022, the undersigned conducted the follow-up telephonic conference with counsel for the parties (DN 92 PageID # 1374).  As Defendants had served supplemental discovery on July 13, and the parties disagreed about whether all current deadlines, including discovery, had been held in abeyance on May 9, the undersigned directed the parties to file appropriate motions regarding discovery issues (Id. at PageID # 1374-75).  Despite being provided with the opportunity to do so, Defendants did not take the cautionary step of filing a Rule 16(b)(4) motion to amend the pretrial fact discovery deadline in order to preserve their ability to conduct fact discovery concerning Mr. Miller and to seek leave to reopen Mr. Miller's deposition.

On July 26, 2022, Plaintiffs filed a motion to quash Defendants' subpoenas (DN 93).  One of the arguments raised in the motion was Defendants issued the subpoenas beyond the deadline

for discovery (DN 93-1 PageID # 1381-84).  In their response, Defendants doubled down on their belief that on May 9, 2022, the Court both orally and in writing ordered that all current deadlines, including discovery, were held in abeyance pending a future status conference and new scheduling order (**SEALED** DN 95 PageID # 1527, 1534-35).  Again, despite being provided with the opportunity to do so, Defendants did not take the cautionary step of filing Rule 16(b)(4) motion to amend the pretrial fact discovery deadline in order to preserve their ability to conduct discovery concerning Mr. Miller and to seek leave to reopen Mr. Miller's deposition.

On September 8, 2022, the undersigned issued a Memorandum Opinion and Order which included a determination that Defendants were mistaken about all current deadlines, including discovery, being held in abeyance and that they issued the subpoenas outside the pretrial fact discovery deadline (DN 99 PageID # 3315-18).  In reaching this conclusion, the undersigned considered but found no merit to Defendants' contention about the May 9, 2022, telephonic conference and Order at DN 91 (DN 99 PageID # 3315-18).  The undersigned indicated that the abeyance of the discovery deadline was only applicable to the deposition of Mason Miller, "[i]t did not operate as a wholesale re-opening of discovery for which the deadline had otherwise expired" (Id. at PageID # 3317).  Additionally, the undersigned explained, if Defendants wished to take further discovery, they would have to file a motion, under Fed. R. Civ. P. 16(b)(4), for an amendment of the pretrial fact discovery deadline (Id. at PageID # 3317-18).  Surprisingly, after receiving and reviewing this Memorandum Opinion and Order, Defendants did not immediately move the Court, pursuant to Rule 16(b)(4), to amend the pretrial fact discovery deadline to preserve their ability to conduct fact discovery concerning Mr. Miller and to seek leave to reopen Mr. Miller's deposition.

At some point in the weeks that followed September 8, 2022, Defendants met and conferred with Plaintiffs.  On October 10, 2022, the parties submitted the proposed Eighth Agreed Amended Scheduling Order which indicated the parties reached an agreement to avoid the necessity of filing a motion to amend the case schedule (DN 100 PageID # 3320).  The proposed Eighth Agreed Amended Scheduling Order established an October 21, 2022, deadline for Plaintiffs to (1) make a supplemental production of materials responsive to Defendants' Fifth Set of Requests for Production of Documents; and (2) complete a privilege review and produce documents responsive to the July 13, 2022 subpoenas duces tecum served on the Hutchinson Brothers, LLC and the April Francis Green Trust V and the March 21, 2022 subpoena duces tecum served on Mr. Hutchinson (Id. at PageID # 3320-22).[10]

Two important matters are starkly absent from the proposed Eighth Agreed Amended Scheduling Order.  It does nothing to ensure Mr. Miller's production of documents in response to the July 13, 2022, subpoena duces tecum and it does not preserve Defendants' ability to seek a reopening of Mr. Miller's deposition (Id.).  Equally disturbing, in the weeks that followed submission of the proposed Eighth Agreed Amended Scheduling Order, Defendants did not take the cautionary step of filing a Rule 16(b)(4) motion to amend the pretrial fact discovery deadline for the limited purpose of preserving their ability to conduct fact discovery concerning Mr. Miller and to seek leave to reopen Mr. Miller's deposition.

On November 14, 2022, Defendants filed their Motion to Compel Production of Documents from Plaintiffs and Subpoenaed Non-Parties and to Reopen Deposition of Mason Miller (**SEALED** DN 102).  Thus, 156 days after Defendants purportedly learned of Mr. Miller's adverse testimony on June 8, 2022, they finally moved to amend the pretrial fact discovery

---

[10]  The signed the Eighth Agreed Amended Scheduling Order on October 31, 2022, and it was filed on November 1, 2022 (DN 101).

deadline so they can seek leave to reopen Mr. Miller's deposition. Despite the numerous opportunities mentioned above, Defendants have failed to explain their lack of diligence in moving to amend the expired deadline in the scheduling order in order to preserve their ability to conduct fact discovery concerning Mr. Miller and to seek leave to reopen Mr. Miller's deposition. True, Defendants eventually reached a consensus with Plaintiffs—manifested in the Eighth Agreed Amended Scheduling Order—but it does nothing to ensure Mr. Miller's production of documents in response to the July 13, 2022, subpoena duces tecum and it does not preserve Defendants' ability to seek a reopening of Mr. Miller's deposition.

For the foregoing reasons, Defendants have failed to show "good cause" under Fed. R. Civ. P. 16(b)(4) for their failure to earlier seek leave to amend the expired pretrial fact discovery deadline to preserve their ability to conduct fact discovery concerning Mr. Miller and to seek leave to reopen Mr. Miller's deposition. Under the circumstances there is no need to consider whether to grant leave to resume Mr. Miller's deposition under Fed. R. Civ. P. 30(a)(2)(A)(ii). **WHEREFORE**, Defendants' motion is **DENIED** to the extent it seeks an order amending the pretrial fact discovery deadline and reopening Mr. Miller's deposition.

<u>ORDER</u>

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel Production of Documents from Plaintiffs and Subpoenaed Non-Parties and to Reopen Deposition of Mason Miller (**SEALED** DN 102) is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that Defendants' motion is **DENIED** to the extent it seeks an order compelling Mr. Hutchinson to provide more fulsome responses to Document Request Nos. 23 and 28, in the March 21, 2022, subpoena duces tecum, which seek emails between Messrs. Hutchinson and Francis.

**IT IS FURTHER ORDERED** that **within 15 days of entry of this Order** Plaintiffs must file a notice indicating whether they have in fact withheld emails on claim of privilege that are otherwise responsive to the above-mentioned document requests in the March 21, 2022, subpoena duces tecum directed to Mr. Hutchison.  If Plaintiffs have withheld emails on claim of privilege, **within 15 days of entry of this Order** they must also provide Defendants with privilege log entries that comport with Fed. R. Civ. P. 26(b)(5).

**IT IS FURTHER ORDERED** that Defendants' motion is **DENIED** to the extent it seeks an order compelling Plaintiffs to produce additional nonprivileged documents discussing or referencing Mr. Miller's vested interest in the WKRT.

**IT IS FURTHER ORDERED** that Defendants' motion is **GRANTED** to the extent it seeks an order compelling Mr. Miller and his law firm to produce nonprivileged documents discussing or referencing Mr. Miller's vested interest in the WKRT.  **Within 15 days of entry of this Order** Mr. Miller and his law firm must produce all nonprivileged documents discussing or referencing Mr. Miller's vested interest in the WKRT.

**IT IS FURTHER ORDERED** that Defendants' motion is **DENIED** to the extent it seeks an order compelling Plaintiffs and Mr. Miller to provide any financial records which document payments Mr. Miller has received from WKRT as a result of his vested interest.

**IT IS FURTHER ORDERED** that Defendants' motion is **DENIED** to the extent it seeks an order amending the pretrial fact discovery deadline for the purpose of conducting additional fact discovery concerning Mr. Miller and to seek a reopening Mr. Miller's deposition.

February 3, 2023

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies:  Counsel

34